UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA LEE HARRISON and JERRY HARRISON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:16-CV-740-CEJ |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte* to determine whether subject matter jurisdiction exists in this case. *See* Fed. R. Civ. P. 12(h)(3).

### I.    Background

On May 27, 2015, plaintiffs filed this action in the Circuit Court for City of St. Louis, Missouri, alleging that plaintiff Donna Harrison developed mesothelioma as a result of exposure to asbestos. According to the notice of removal, plaintiffs are residents of Nebraska. Their citizenship, however, is not alleged either in the complaint or in the notice of removal. *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) ("When it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable."). According to the citizenship allegations in the notice of removal, none of the defendants is a citizen of Nebraska.

The lawsuit initially named 28 defendants, but at the time of removal only five defendants remained. One of the remaining defendants, J.P. Bushnell Packing Supply Company (J.P. Bushnell), is a Missouri corporation. Defendant Volkswagen Group of America, Inc. (Volkswagen), a New Jersey corporation, removed the

action on May 24, 2016. In its notice of removal, Volkswagen contends that J.P. Bushnell was fraudulently joined.

## II. Discussion

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). It is undisputed that the amount in controversy requirement is met in this case. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Assuming *arguendo* that plaintiffs are citizens of Nebraska, complete diversity existed at the time the case was filed and exists today because none of the defendants are citizens of Nebraska.

However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. §] 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State

in which such action is brought."  28 U.S.C. § 1441(b)(2).  Thus, the Missouri citizenship of defendant J.P. Bushnell would appear to prevent removal.

Volkswagen contends that because J.P. Bushnell was fraudulently joined, its citizenship does not defeat diversity jurisdiction. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *Prempro*, 591 F.3d at 620.  "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)).  "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.*  Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811).

Volkswagen does not dispute that the complaint alleges a potentially meritorious cause of action against J.P. Bushnell for causing Donna Harrison's mesothelioma.  Rather, Volkswagen contends that because J.P. Bushnell has not filed any pleadings or other documents, has not appeared at any hearings or depositions, and plaintiffs have not sought default, the company must have been fraudulently joined.  Volkswagen cites no support for the novel proposition that a defendant's action or inaction proves a plaintiff fraudulently joined that defendant. Nor does Volkswagen offer authority holding that, where a plaintiff has pled a

facially legitimate cause of action, fraudulent joinder is demonstrated by the plaintiff's conduct vis-à-vis that defendant during the litigation. Though plaintiffs' inaction with respect to J.P. Bushnell ultimately may affect their success against that defendant, it is a far cry from proving "no reasonable basis in fact and law" exists to hold the company liable. *Id.* Further, because any doubts about the propriety of removal must be resolved in favor of remand, *Wilkinson*, 478 F.3d at 963, the Court will not adopt Volkswagen's unsupported arguments.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because on the face of the complaint J.P. Bushnell was not fraudulently joined and it remains a defendant in this case, 28 U.S.C. § 1441(b)(2) forbids removal of this action. The Court finds that subject-matter jurisdiction does not exist, and the case must be remanded. *See id.* § 1447(c); Fed. R. Civ. P. 12(h)(3); *Wilkinson*, 478 F.3d at 963.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2016.